IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41115
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHRISTOPHER COLLINS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-250-ALL
---------------------
January 24, 2003

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Christopher Collins appeals his sentence following a guilty

plea conviction for possession of cocaine base with intent to

distribute under 21 U.S.C. § 841(a)(1).  Collins argues that the

district court erred in finding that his state court convictions

for a November 26, 2001, bail jumping offense and the underlying

January 28, 1999, possession offense are not related, as they

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

were consolidated for purposes of trial and sentencing and he received concurrent sentences for the two charges.

The district court correctly found that the convictions were not related.  Even if Collins' prior cases were consolidated for sentencing purposes, they were separated by an intervening arrest and therefore cannot be related.  See, e.g., U.S.S.G. § 4A1.2, comment. (n.3); United States v. Bryant, 991 F.2d 171, 178 (5th Cir. 1993).  The district court did not base Collins' sentence on a finding that the state court's consolidation was merely a functional consolidation for administrative convenience; however, it would not have clearly erred in treating it as a functional consolidation.  See, e.g., United States v. Bryant, 991 F.2d 171, 178 (5th Cir. 1993); United States v. Paulk, 917 F.2d 879, 884 (5th Cir. 1990).

AFFIRMED.